IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BREGGETT A. RIDEAU and | § | |
| TERRENCE RIDEAU, INDIVIDUALLY | § | |
| and a/n/f T.R. | § | |
| | § | |
| VS. | § | Civil Action No. 4:10-CV-00926-Y |
| | § | |
| KELLER INDEPENDENT SCHOOL | § | |
| DISTRICT, et al. | § | |

## JURY INSTRUCTIONS AND JURY CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, the plaintiffs must prove every essential part of their claims by a preponderance of the evidence.

If the proof fails to establish any essential part of the plaintiffs' claims by a preponderance of the evidence, you should find for the defendant as to that claim.

You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiffs should, or should not, win this case.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you believe are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.   However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

If there is publicity about this trial, you must ignore it.  Do not read anything or listen to any TV or radio programs about the case.  Do not make any investigation about the case on your own.  Do not conduct any research, consult dictionaries or reference materials, search the internet, look at websites, read blogs, or use any electronic tools to obtain information about this case or help you decide this case.   You are to be guided in your deliberations and decisions on what you learned in the courtroom during the course of the trial, taking into account instructions I give you, and nothing else.

  Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation, including a school district, and all other persons are equal before the law and must be treated as equals in a court of justice.

  Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

  When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits that the Court has admitted into evidence.  Select your presiding juror and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.  After you have reached your unanimous verdict, your presiding juror must fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

  If you want to communicate with me at any time, please give a written message or question to the Court Security Officer, who will bring it to me.  A form is available in the jury room for that purpose.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

  After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## SPECIFIC INSTRUCTIONS

1. Mr. and Ms. Rideau claim that Little T was subjected to intentional mistreatment because of his disability by Dan Evans or other employees of Defendant Keller ISD, and that Keller ISD had actual knowledge of such mistreatment, but that Keller ISD's actions in response to such actual knowledge were clearly unreasonable in light of all the known circumstances.  Mr. and Ms. Rideau admit that Keller ISD acquired actual knowledge of such alleged mistreatment no sooner than April 17, 2008.

2. Defendant Keller ISD is not responsible or liable for the alleged mistreatment of Little T by Dan Evans or other employees of Keller ISD on account of Little T's disability unless Plaintiffs prove by a preponderance of the evidence that:

**First:** Little T was intentionally discriminated against because of his disability by Dan Evans or other employees of Keller ISD by subjecting him to mistreatment in Keller ISD's programs, services, or activities;

**Second:** This alleged mistreatment was so severe, pervasive, and objectively offensive that it effectively deprived Little T of the educational programs, services, or activities provided by Keller ISD;

**Third: Defendant Keller ISD had actual knowledge of the alleged mistreatment by Dan Evans or other employees of Keller ISD because of Little T's disability;**

> An educational institution has "actual knowledge of . . . mistreatment" if it knows facts plainly pointing to a substantial risk of mistreatment of a student, and was therefore aware of the risk.
>
> In addition, an educational institution has "actual knowledge" only if an "appropriate person" had actual knowledge. An "appropriate person" is a supervisory Keller ISD official who, at a minimum, has authority to address the alleged mistreatment and to institute corrective action to stop it. In the context of this case, school principals are "appropriate persons."
>
> The knowledge of any alleged wrongdoer is not relevant to the question of whether Keller ISD has "actual knowledge."

**Fourth: Defendant Keller ISD acted with deliberate indifference to such known mistreatment by Dan Evans or other Keller ISD employees.**

> In order for a school official to have acted with deliberate indifference, the school official must be (1) aware of facts from which the inference could be drawn that a substantial risk of severe mistreatment exists, (2) he or she must also draw the inference and (3) the official's response or lack of response must be clearly unreasonable in light of all the known circumstances.

**DATE: October 11, 2013.**

*signature: Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE