ORIGINAL

```
┌─────────────────────────────────────┐
│  U.S. DISTRICT COURT                 │
│  NORTHERN DISTRICT OF TEXAS          │
│            FILED                     │
│                                      │
│        OCT 1 1 2013                  │
│                                      │
│  CLERK U.S. DISTRICT COURT           │
│  By _____         │
│              Deputy                  │
└─────────────────────────────────────┘
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BREGGETT A. RIDEAU and | § | |
| TERRENCE RIDEAU, INDIVIDUALLY | § | |
| and a/n/f T.R. | § | |
| | § | |
| VS. | § | Civil Action No. 4:10-CV-00926-Y |
| | § | |
| KELLER INDEPENDENT SCHOOL | § | |
| DISTRICT, et al. | § | |

## VERDICT OF THE JURY

Answer any question that you are required to answer by a preponderance of the evidence.

### Question No. 1

Was Little T intentionally discriminated against because of his disability by Dan Evans or other employees of Keller ISD by subjecting him to mistreatment in Keller ISD's programs, services, or activities?

Answer "Yes" or "No."

YES

**If you answered "Yes" to Question No. 1, then answer the following Question.  If you answered "No," then your deliberations are complete.**

### Question No. 2

Was the mistreatment so severe, pervasive, and objectively offensive that it effectively deprived Little T of educational programs, services, or activities provided by Keller ISD?

Answer "Yes" or "No."

YES

**If you answered "Yes" to Question No. 2, then answer the following Question.  If you answered "No," then your deliberations are complete.**

**Question No. 3**

Did Keller ISD have actual knowledge of the mistreatment by Dan Evans or other employees of Keller ISD because of Little T's disability?

Answer "Yes" or "No."

YES

**If you answered "Yes" to Question No. 3, then answer the following Question.  If you answered "No," then your deliberations are complete.**

**Question No. 4**

Did Keller ISD act with deliberate indifference to such known mistreatment by Dan Evans or other employees of Keller ISD?

Answer "Yes" or "No."

YES

**Now proceed to Question No. 5.**

**Question No. 5**

Did Keller ISD intentionally discriminate against Little T because of Little T's disability by its actions or failure to act in response to its knowledge that Dan Evans or other employees of Keller ISD were intentionally mistreating Little T because of his disability?

Answer "Yes" or "No."

YES

If you answered "Yes" to Question No. 4 or Question No. 5, proceed to the "Damages" section below.

If you answered "No" to Questions No. 4 and 5, do not answer the questions in the section entitled "Damages." Your deliberations are complete, and your presiding juror must sign and date this verdict form at the bottom of page 9.

## DAMAGES

If the plaintiffs have proven their claims against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiffs are entitled. You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiffs should, or should not, win this case. It is your task to decide whether the defendant is liable. I am instructing you on damages only so you will have guidance in the event you decide that the defendant is liable and that the plaintiffs are entitled to recover money from the defendant.

If you find that the defendant is liable to the plaintiffs, then you must determine an amount that is fair compensation for all of the plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiffs whole—that is, to compensate the plaintiffs for the damage that the plaintiffs have suffered. Compensatory damages are not limited to expenses that the plaintiffs may have incurred because of an injury. If the plaintiffs win, they are entitled to compensatory damages for the physical pain suffered by Little T and the mental anguish suffered by Little T and/or his parents because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiffs prove were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiffs have actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in making an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider any element of damages only to the extent you find it proved by a preponderance of the evidence.

**Question No. 6**

What sum of money, if paid now in cash, would fairly and reasonably compensate Little T for the physical pain and the mental anguish he suffered because of mistreatment that occurred after Keller ISD had actual knowledge?

Answer in dollars and cents:

$ _520,000_

**Question No. 7**

What sum of money, if paid now in cash, would fairly and reasonably compensate Breggett Rideau and/or Terrence Rideau for mental anguish either of them suffered because of mistreatment of Little T that occurred after Keller ISD had actual knowledge?

Answer in dollars and cents for Breggett Rideau:

$ _100,000_

Answer in dollars and cents for Terrence Rideau:

$ _50,000_

**Question No. 8**

What sum of money, if paid now in cash, would fairly and reasonably compensate the Plaintiffs for Little T's medical expenses in the past because of mistreatment that occurred after Keller ISD had actual knowledge?

Answer in dollars and cents:

$ _7,000_

**Question No. 9**

What sum of money, if paid now in cash, would fairly and reasonably compensate Little T for his physical impairment in the past because of mistreatment that occurred after Keller ISD had actual knowledge?

Answer in dollars and cents:

$ _3,000_

### Question No. 10

What sum of money, if paid now in cash, would fairly and reasonably compensate the Plaintiffs for Little T's future home care because of mistreatment that occurred after Keller ISD had actual knowledge?

Answer in dollars and cents:

$ *320,000*

    **We, the jury, have answered the above questions as indicated, and return the same to the Court as our verdict.**

    DATE: October __11__, 2013.

_____
Presiding Juror